FILED
2011 Oct-19 PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# (MIDDLE DIVISION)

| | |
|---|---|
| **RITA J. LEWIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action Number** |
| ) | **11-PT-3204-M** |
| **MERRICK BANK CORP.** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the plaintiff, Rita J. Lewis ("Ms. Lewis"), pursuant to *Rule 15(a)(1)(B)* of the *Federal Rules of Civil Procedure*, by and through her undersigned counsel, and for her First Amended Complaint[1] alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to *15 U.S.C. §1681s-2(b)* ("Fair Credit Reporting Act" or "FCRA").

---

[1] Plaintiff's First Amended Complaint moots any bases for Merrick's Motion to Dismiss (Doc. 6), as Ms. Lewis is not making any claims under *15 U.S.C. 1681s-2(a)* or any state law claims. Moreover, as articulated below, Ms. Lewis' First Amended Complaint clearly satisfies the conditions precedent associated with *15 U.S.C. 1681s-2(b). See ¶17, infra.*

## JURISDICTION & VENUE

2. This Court has jurisdiction over this matter pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1681p*.

3. Venue is proper in this judicial district pursuant to *28 U.S.C. § 1391(b)*.

4. Plaintiff is resident of the state of Alabama and a resident of this judicial district.

5. Plaintiff is a "consumer" as defined by *15 U.S.C. §1681a(c)*.

6. Defendant, Merrick Bank Corp. ("Merrick" or "Defendant"), is a foreign corporation authorized to do business in this judicial district as a consumer credit card lender, with its principal place of business in the state of New York.

7. Merrick furnishes consumer credit information to consumer reporting agencies ("CRAs").

## FACTUAL ALLEGATIONS

8. During the two years preceding the date of the plaintiff's original Complaint and thereafter for an undetermined amount of time, Merrick reported derogatory information relating to Plaintiff and Plaintiff's credit history to third parties.

9. The derogatory information negatively reflects on Plaintiff, her credit repayment history, financial responsibility as a debtor and her credit worthiness.

10. The derogatory information is inaccurate because it includes an account for which Plaintiff has no responsibility, Merrick partial account number ****5036* (hereinafter "the Account").

11. Merrick sued Ms. Lewis claiming she owed monies on the Account.[2]

12. On October 21, 2010, the Court determined Ms. Lewis owed no monies to Merrick and entered a judgment ("the Judgment") in favor of Ms. Lewis in St. Clair County, Alabama.

13. After the Judgment, Merrick continued to inaccurately report the Account as, *inter alia*, past due and as a charge off.

14. Charge offs and past due accounts are considered derogatory and negatively affect a consumer's credit worthiness, including Ms. Lewis.

15. The Account information was reported to third parties.

16. Plaintiff disputed the Account on more than one occasion to at least one CRA, Equifax Information Services, LLC ("Equifax").[3]

17. After receiving Plaintiff's dispute, Equifax notified Merrick of Ms. Lewis' dispute on at least one occasion.

---

[2] *SM-2010-000136.00*

[3] Plaintiff named Equifax as a defendant in her original Complaint, but has since settled with said defendant and the Court has dismissed plaintiff's claims against Equifax. (Doc. 7).

18. Equifax provided Merrick with at least one Automated Consumer Disputed Verification ("ACDV") form regarding or related to Plaintiff's dispute.

19. Notwithstanding, Merrick verified the disputed Account derogatory information to Equifax on at least one occasion, and continued to report the Account as, *inter alia,* past due and as a charge off.

20. Merrick did not contact any third parties regarding the disputed information or the status of the Account.

21. More specifically, Merrick did not contact its attorney, Richard Gwin Moxley, III, who sued Ms. Lewis in St. Clair County, Alabama, to obtain additional information about the Account.

22. Merrick did not contact any courts or public records vendors regarding the Account.

23. Merrick never contacted Plaintiff to follow up on, verify, and/or elicit more specific information about Plaintiff's dispute.

24. Merrick did not forward any relevant information, including the judgment in favor of Ms. Lewis regarding the Account, to any of the three nationwide consumer reporting agencies.

25. Moreover, Merrick failed to: conduct an investigation, timely, or otherwise, with respect to the disputed information provided to it by Equifax; review the disputed information provided by Equifax and all other relevant

4

information about the Account, including, but not limited to the judgment in favor of Ms. Lewis; report the results of its investigation to Equifax; report to Equifax and all other CRAs that the Account information was inaccurate; report the results of its investigation to CRAs; and modify, delete or permanently block the reporting of the Account.

26. Indeed, after notice of Plaintiff's dispute from Equifax, Merrick continued to report the inaccurate information to various CRAs, including Equifax, and continued to report the inaccurate information after Ms. Lewis filed her lawsuit.

27. Merrick supplies information regarding consumers to CRAs using the Metro 2 system, including Ms. Lewis.

28. Merrick uses the E-OSCAR system.

29. Merrick had notice of the Judgment regarding the Account in favor of Ms. Lewis before Merrick received notice of the disputed Account information from Equifax.

30. Merrick had notice of the Judgment regarding the Account in favor of Ms. Lewis after it received notice of dispute from Equifax.

31. Merrick had notice of the Judgment regarding the Account in favor of Ms. Lewis before she filed her lawsuit.

32. Merrick deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes.

33. Merrick failed to remove the inaccurate information before Ms. Lewis filed suit.

34. Merrick failed to note the disputed status of the Account after Ms. Lewis' dispute.

35. Merrick continued to report the inaccurate Account information about Plaintiff after receipt of notice of her dispute from Equifax.

36. Merrick's conduct proximately caused Ms. Lewis' injuries, including but not limited to: harm to credit reputation; denial of credit, emotional distress; and out-of-pocket expenses.

37. At all times relevant hereto, Merrick was acting through its agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of Merrick.

38. At all times relevant hereto, Merrick's conduct was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the Plaintiff's rights.

**COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT**
*15 U.S.C. 1681s-2(b)*

39. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

40. As outlined above in detail, Merrick is liable to Plaintiff for willfully and negligently failing to comply with the FCRA's requirements imposed on furnishers of information, pursuant to *15 U.S.C. §§1681n* and *o*.

41. Merrick's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined more fully above.

42. Merrick is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

43. Wherefore, Plaintiff seeks judgment in her favor against Defendant, based on the following relief requested:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive Damages;

    (d) Costs and reasonable attorneys' fees; and

    (e) Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

44. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

s/ **Micah S. Adkins**
Micah S. Adkins (ASB-8639-I48A)
**BURKE, HARVEY & FRANKOWSKI, LLC**
2151 Highland Avenue, Suite 120

Birmingham, AL  35205
Telephone:   205.930-9091
Facsimile:    205.930-9054

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October 2011, I have filed the foregoing document via the Court's electronic filing system, CM/ECF, which will electronically notify the following counsel of record:

John N. Bolus
John David Collins
MAYNARD, COOPER & GALE, PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203-2618
jbolus@maynardcooper.com
jcollins@maynardcooper.com
*Attorneys for Merrick Bank*

　　　　　　　　　　　　　　　**s/ Micah S. Adkins**
　　　　　　　　　　　　　　　Of Counsel